UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN S. YARBER,

       Plaintiff,

v.                                Civil Case No. 12-13140
                                   Honorable Patrick J. Duggan

MELISSA FENSKE-GUNN, ET. AL,

       Defendants.
_____/

## ORDER TO FILE AMENDED COMPLAINT AND PROVIDE ADDRESSES FOR SERVICE

Kevin Yarber ("Plaintiff") filed this *pro se* action against numerous defendants on July 17, 2012. Plaintiff seeks leave to proceed *in forma pauperis* and for the U.S. Marshal to effectuate service.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, – , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at

556, 127 S. Ct. at 1965).  Generally, a less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972).  Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8.

As an initial matter, it is not clear from the heading and allegations in his Complaint what individuals and/or entities Plaintiff is suing.  For example, his caption reads in part: "Melissa Fenske-Gunn Individual and at her official capacity As Foster Care Case Manager, State of Michigan, County of St. Clair, Department of Human Services of St. Clair County."  The Court is uncertain whether this identifies Melissa Fenske-Gunn's position or if Plaintiff is suing Ms. Fenske-Gunn *and* the State of Michigan, St. Clair County, and/or its Department of Human Services.  In addition, Plaintiff's Complaint is not concise and he fails to state clearly what claims he is asserting against the named defendants.

Further, while it appears that Plaintiff's action arises from the removal of his child(ren) from his custody, he fails to set forth how each defendant named in the Complaint is liable to him and/or involved in the alleged misconduct.  In other words, Plaintiff fails to state what action each named defendant took relative to his alleged harm. Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a).  A complaint must allege each defendant's personal

2

involvement with the alleged violation of the plaintiff's rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of the plaintiff's rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). As well, Plaintiff fails to provide any time-frame as to when the alleged misconduct occurred.

Moreover, Plaintiff appears to be asserting fraud in his Complaint. Federal Rule of Civil Procedure 9(b) provides that fraud must be pleaded with particularity. To satisfy this requirement, the Sixth Circuit "requir[es] a plaintiff, at a minimum, 'to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich.1992)). Plaintiff's Complaint does not satisfy these requirements.

Therefore, **within twenty one (21) days** of this Order, Plaintiff shall file an amended complaint in compliance with Federal Rules of Civil Procedure 8 and 9 or this action will be dismissed without prejudice. In the caption of his amended complaint, Plaintiff shall number each defendant or find some other way to make clear to the Court who he intends to sue. Furthermore, Plaintiff has asked the U.S. Marshal to effectuate serve upon Defendants; however, he has not provided the Court with their addresses. He

must provide this information if and when he files his amended complaint.

**SO ORDERED**.

Date:  July 23, 2012          s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE


Copy to:
Kevin S. Yarber
411 Mercer Street
Durand, MI   48429